GEORGE POULOS *vs.* JENNIE CIMINI *et al.*

OCTOBER 31, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J.   This is a bill in equity wherein the complainant seeks to enforce an agreement not to compete, to

enjoin the service of the execution in a trespass and eject-ment case, and for other relief. The cause was heard by a justice of the superior court on a demurrer to the bill, and thereafter a decree was entered sustaining the demurrer. From this decree the complainant has appealed to this court.

The facts appear from the allegations set out in the bill, which, to the extent they are well pleaded, are admitted by the demurrer. It appears that on May 29, 1947 com-plainant leased certain premises from one of the respond-ents Jennie Cimini, hereafter referred to as the respondent, wherein he has since operated a cafe; that in the negotia-tions for the lease respondent made certain promises where-by she represented that she would not conduct a similar business on land adjoining the premises leased by complain-ant; that in reliance upon said promises complainant spent large sums of money in developing the property as a res-taurant and cafe; that notwithstanding her promises re-spondent has opened and operated a restaurant on the ad-joining property; and that as a result of her action com-plainant has suffered great financial loss. It further ap-pears from the allegations in the bill that complainant was in arrears in the payment of rent; that respondent initiated an action of trespass and ejectment in the district court to recover possession of the leased premises; that on July 19, 1956 the district court rendered a decision for respondent for possession and costs; and that execution has issued.

In her demurrer respondent sets out several grounds, but the decree sustaining the demurrer does not specify upon which of those grounds the demurrer was sustained. The decree states only that "The Demurrer of the respondent is hereby sustained."

The fourth ground set out by respondent's demurrer raises the question of whether complainant may maintain the bill, which in its averments reveals that he had an equit-able defense that he could have asserted in the superior

court on appeal from the decision in the trespass and ejectment action. It is well settled that equity will not enjoin the execution of a judgment obtained at law where the one seeking such relief had knowledge of facts that would constitute a defense but failed to avail himself of that defense in a former suit. Where one has failed to assert in a prior suit a defense then known to him, he cannot thereafter as a complainant set out those facts in a bill in equity seeking relief from the judgment rendered against him. *Burns* v. *Burns*, 53 R. I. 324.

The bill of complaint reveals that respondent here brought an action of trespass and ejectment against the instant complainant in one of the district courts of this state. The matter was heard by that court, decision was given this respondent for possession and costs, and execution issued. The decision of the district court was not appealed to the superior court.

At common law an equitable defense was not available in trespass and ejectment actions, but the common-law rule has been abrogated by statute in this jurisdiction. *Coates* v. *Coleman*, 72 R. I. 304, 313. General laws 1938, chapter 520, §9, provides that an equitable defense may be interposed in any action at law pending in the superior court. The statute does not permit the interposition of such defenses in actions pending in the district courts.

We have then a situation in which this complainant had a defense, equitable in nature, to the trespass and ejectment action but could not interpose that defense in the district court action. He did, however, have a right of appeal to the superior court from the decision of the district court and, had he taken such an appeal, could then have pleaded the equitable defense in a trial de novo in the superior court. In other words, by taking an appeal he could have asserted the equitable defense revealed in the instant bill.

We think that in these circumstances the doctrine of res judicata must be applied. The complainant here is seeking

equitable relief against a judgment when he had in the prior action an adequate remedy at law in the form of an appeal. Compare *Rafferty* v. *Potter & Gardner*, 21 R. I. 517, where it was held that one seeking equitable relief against a judgment from which an appeal could have been taken will be denied such relief in the absence of a showing that the failure to appeal was due to some cause other than his own failure to act. In *Wholey* v. *Columbian National Life Ins. Co.*, 69 R. I. 254, 262, we stated: "A party defeated in one action cannot maintain a second action based on a ground which could properly have been, but was not, set forth and relied upon in the former action."

The complainant's appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

FLYNN, C. J., did not participate in the decision.

*Frank O. Lind, Jr.*, for complainant.

*Thomas L. Marcaccio*, for respondent Jennie Cimini.